IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER T. SMITH,

    Plaintiff,                   No. 2:11-cv-0491 KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.              ORDER
_____/

        Plaintiff is a state prisoner proceeding without counsel, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes. 28 U.S.C. § 636(c) and Local Rule 302(a). (Dkt. No. 5.)

        Plaintiff has submitted an amended in forma pauperis application that demonstrates petitioner is unable to afford the costs of suit. See 28 U.S.C. § 1915(a). However, because it is unclear whether petitioner's pleading is properly framed as a civil rights action, rather than an action in habeas corpus, and because the filing costs associated with each pleading are different, the court will defer ruling on the application to proceed in forma pauperis until plaintiff has filed an amended pleading.

////

////

The initial pleading provides in full (Dkt. No. 1 at 1-2):

> I feel that Ms. Callison conducted herself in an unp[ro]fessional[] ma[nn]er and has lied in her allegations against me, which resulted in an additional six months being added to my sentence which also r[e]ndered me a program failure, [a] twelve months shu [placement in the Segregated Housing Unit], and had my fire camp program revoked.
>
> Relief: I would like the additional six months added to my sentence vacated. And my original release date restored. I would also like my fire camp program as well as my original "point status" returned. I'm also requesting trial by jury, so that I may face my accuser in court.

Amendment of the pleading is necessary. A challenge to the duration of a prisoner's confinement is properly made in a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254; in contrast, a suit for damages challenging a condition of confinement must be brought in a civil rights action, pursuant to 42 U.S.C. § 1983. Moreover, the exhaustion requirements are different as to each type of action—a federal habeas claim must first be exhausted in the state courts, Rose v. Lundy, 455 U.S. 509 (1982), while a civil rights claim must first be exhausted through the institution's administrative appeal system, 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, a prisoner may not proceed with a civil rights damages action that is premised on the outcome of an institutional disciplinary hearing decision unless that decision has been invalidated. Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Finally, plaintiff names as defendants in this action the California Department of Corrections and Rehabilitation and "Karen, Callison," whose professional capacity remains unknown. While a properly drawn civil rights complaint may name any defendant with an asserted direct role in the alleged violation of plaintiff's constitutional rights, the only proper respondent in a petition for writ of habeas corpus is the state officer having custody of the petitioner (i.e., the warden of the prison in which petitioner is incarcerated). See 28 U.S.C. § 2254; Rule 2(a), Rules Governing § 2254 Cases; Stanley v. California Supreme Court, 21 F.3d

359, 360 (9th Cir. 1994).

        For the foregoing reasons, the court must grant petitioner leave to file an amended pleading, framed either as an amended civil rights complaint or a petition for writ of habeas corpus. If plaintiff chooses to file a petition for writ of habeas corpus, he must demonstrate exhaustion of his state court remedies, and name as respondent only the warden of the facility in which petitioner is incarcerated. If plaintiff chooses to file an amended civil rights complaint, he must demonstrate exhaustion of available administrative remedies, and name as defendants only individuals who personally participated in a substantial way in allegedly depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act that he is legally required to perform, thus causing the alleged deprivation). The complaint or petition must identify the specific relief sought, and the claims must be set forth in short and plain terms, simply, concisely and directly. See Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim").

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. The court defers consideration of plaintiff's application to proceed in forma pauperis;

        2. The complaint is dismissed;

        3. The Clerk of Court is directed to send plaintiff the forms used by prisoners in this district for filing (1) a petition for writ of habeas corpus, and (2) a civil rights complaint.

        4. Plaintiff shall, within thirty days after service of this order, complete the attached Notice of Amendment and submit the following to the court:

        a. The completed Notice of Amendment;

        b. An amended pleading, prefaced by one of the forms provided herein by

the Clerk of Court, and clearly designated <u>either</u> an Amended Petition for Writ of Habeas Corpus or a Civil Rights Complaint pursuant to 42 U.S.C. § 1983;

       c.  Alternatively, if plaintiff concludes that he does not yet meet the requirements for filing either a civil rights complaint or a petition for writ of habeas corpus, plaintiff may request the voluntary dismissal of this action.

       SO ORDERED.

DATED:  April 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smith0491.scrn.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER T. SMITH, | | |
| | Plaintiff, | No. 2:11-cv-0491 KJN P |
| vs. | | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | | |
| | Defendants. / | NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed _____:

_____          Amended Complaint

OR

_____          Petition for Writ of Habeas Corpus

Alternatively:

_____          Plaintiff requests voluntary dismissal of this action.

_____          _____
Date                                                        Plaintiff