1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CHRISTOPHER T. SMITH,

11            Plaintiff,              No. 2:11-cv-0491 KJN P

12       vs.

13  CALIFORNIA DEPARTMENT
    OF CORRECTIONS, et al.,

14

15            Defendants.            ORDER
    _____/

16            Plaintiff is a state prisoner proceeding without counsel in this action filed pursuant

17  to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the magistrate judge for all

18  purposes.  28 U.S.C. § 636(c) and Local Rule 302(a).  (Dkt. No. 5.)

19            On May 2, 2011, this court dismissed plaintiff's original complaint with

20  instructions to file an amended pleading in habeas or civil rights; the court noted the deficiencies

21  in the initial complaint and explained the difference between actions in habeas corpus and actions

22  alleging a denial of civil rights.  The court deferred consideration of plaintiff's application to

23  proceed in forma pauperis pending the filing of an amended pleading.  Plaintiff has now filed an

24  Amended Complaint pursuant to 42 U.S.C. § 1983.

25            Plaintiff has submitted an amended in forma pauperis application that

26  demonstrates that he is unable to afford the costs of suit.  See 28 U.S.C. § 1915(a).  Accordingly,

1

the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff again challenges an apparent disciplinary conviction that resulted in plaintiff being administratively segregated, the addition of six months to his sentence, and the revocation of his assignment to a fire camp program. The conviction was apparently based on the allegation that plaintiff hit a nurse's hand, although plaintiff alleges that the charge was falsely made. Plaintiff seeks restoration of his lost time credits, transfer to "another institution at 'Jamestown,'" and "some money" for being placed in administrative segregation, and $50,000 or more for his emotional distress. (Dkt. No. 9 at 3.)

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that an action challenging the lawfulness of a plaintiff's conviction is not cognizable under Section 1983 unless the conviction has been invalidated. The Supreme Court extended this

2

1   holding to prison disciplinary hearings in <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), wherein the

2   Court held that <u>Heck</u> applies to actions "challenging the validity of the procedures used to

3   deprive an inmate of good-time credits." <u>Balisok</u>, 520 U.S. at 643.  In contrast, a civil rights

4   action challenging hearing procedures may be maintained only if the result of the "disciplinary

5   hearing or administrative sanction does not affect the overall length of the prisoner's

6   confinement." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858 (9th Cir. 2003), <u>cert. denied sub nom</u>.

7   <u>McEnroe v. Ramirez</u>, 541 U.S. 1063 (2004).

8           Because plaintiff appears to seek restoration of credits forfeited as a result of the

9   challenged prison disciplinary finding, and this finding has not been invalidated, this action may

10   not proceed as a civil rights action pursuant to 42 U.S.C. § 1983.  <u>Heck</u>, 512 U.S. at 486;

11   <u>Balisok</u>, 520 U.S. at 643.  Therefore, plaintiff's claims for money damages are not cognizable.

12           Moreover, plaintiff's request for a transfer to "another institution at 'Jamestown'"

13   is not a matter within the discretion or jurisdiction of this court, under any theory.  Prisoners have

14   no reasonable expectation that they will be housed in a particular facility.  Prison officials have

15   broad authority to hold a prisoner at a particular institution, or to transfer a prisoner to another

16   institution.  <u>Meachum v. Fano</u>, 427 U.S. 215 (1976); <u>Montanye v. Haymes</u>, 427 U.S. 236 (1976).

17   "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may

18   generally confine or transfer him to any of its institutions, indeed, even to a prison in another

19   state, without offending the Constitution." <u>Bravo v. Hewchuck</u>, 2006 WL 3618023, *1 (N.D.

20   Cal. 2006) (citations omitted); <u>see</u> <u>also</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245-246 (1983)

21   (interstate prison transfer does not, standing alone, implicate Due Process Clause).  Plaintiff's

22   request for an order directing his transfer to another prison, or to a specific correctional program,

23   does not present a cognizable claim.  Moreover, plaintiff has since filed a notice of change of

24   address, informing the court that plaintiff was transferred to California State Prison - Solano.

25           All that remains potentially cognizable is plaintiff's request for restoration of lost

26   time credits, premised on the challenge to his disciplinary conviction.  However, as this court

previously explained, a prisoner challenging a prison disciplinary conviction to obtain restoration of lost time credits must file a petition for writ of habeas corpus, because such credits impact the duration of the prisoner's confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973) (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[1] ("To the extent that defendants may from time to time deny the credits due under [Cal. Penal Code] sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief.").

There being no basis upon which the Amended Complaint may proceed under Section 1983, this action is dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (Dkt. No. 6) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  This action is dismissed without prejudice, for the reasons stated above.

DATED:  April 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smit0491.AC.dsms

---

[1] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995).

4